UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00325-CAS-DTB | Date | January 30, 2026 |
| Title | Jin Liu v. Noem Kristi et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| | | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**   (IN CHAMBERS) – PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 5, filed January 26, 2026)

## I.   INTRODUCTION

On January 26, 2026, Jin Liu ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief against Kristi Noem, Todd Lyons, Pam Bondi, Jaime Rios, and Fereti Semaia (collectively, "Respondents") in their official capacities.[1]  Dkt. 1 ("Pet.").  Petitioner requests that the Court order Petitioner's immediate release from custody and restoration to the terms of his original supervision.  Pet. at 10-11.

The same day, Petitioner filed the instant *ex parte* application for a temporary restraining order that Petitioner be released immediately from detention under the terms of his 2019 Order of Supervision.  Dkt. 5 ("App.").  Petitioner's counsel submitted a declaration with supporting exhibits in support of the *ex parte* application.  Dkt. 5-1 ("Tolchin Decl.").

---

[1] Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"); Todd Lyons is the Acting Director of Immigration and Customs Enforcement ("ICE"); Pam Bondi is the Attorney General of the United States; Jaime Rios is the Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division ("ERO"); Fereti Semaia is the warden of the Adelanto ICE Processing Center.  Pet. ¶¶ 12-16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 5:26-cv-00325-CAS-DTB | Date | January 30, 2026 |
|----------|------------------------|------|------------------|
| Title | Jin Liu v. Noem Kristi et al | | |

On January 27, 2026, the Court enjoined Respondents from relocating Petitioner outside the Central District of California until further order of the Court.  Dkt. 7.

On January 29, 2026, Respondents filed a response to Petitioner's *ex parte* application for a TRO.  Dkt. 9 ("Response").

Having carefully considered the parties' submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Petitioner Jin Liu is a native of China who is forty years old.  Pet. ¶ 17; Tolchin Decl. Ex. M.  Petitioner has lived in the United States since 2002 and was a lawful permanent resident of the United States.  Id.  Petitioner's mother is a United States citizen, and Petitioner's fiancé is a permanent resident with a pending application for United States citizenship.  Pet. ¶ 18; Tolchin Decl. Exs. J, K, M.

On April 20, 2016, Petitioner was convicted under California Health and Safety Code § 11358 (harvesting marijuana) and § 11359 (possession of marijuana for sale).  Pet. ¶ 19; Tolchin Decl. Ex. G.  Petitioner was sentenced to 360 days of jail and three years of probation for the offenses.  Id.  On September 3, 2017, Petitioner was placed into removal proceedings and charged with removability for an aggravated felony offense under 8 U.S.C. § 1227(a)(2)(A)(iii).  Id.  Petitioner was detained throughout his removal proceeding.  Pet. ¶ 20; Tolchin Decl. Ex. H.

The immigration judge ordered Petitioner's removal on December 15, 2017, and that order was affirmed by the Board of Immigration Appeals ("BIA") on May 23, 2018.  Pet. ¶ 21; Tolchin Decl. Ex. E.  On June 20, 2018, Petitioner sought review before the Ninth Circuit and a stay of removal.  Id. ¶ 22.  On December 21, 2018, the requested stay was denied.  Id.  On March 20, 2019, Petitioner's case before the Ninth Circuit, No. 18-71799, was dismissed.  Id.; Tolchin Decl. Ex. E.

Petitioner's order of removal became subject to execution on December 21, 2018.  Pet. ¶ 23.  Petitioner was released on March 21, 2019, after ninety days of detention, because he could not be removed to China.  Id.; Tolchin Decl. Ex. F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                 **'O'**

| Case No. | 5:26-cv-00325-CAS-DTB | Date | January 30, 2026 |
|---|---|---|---|
| Title | Jin Liu v. Noem Kristi et al | | |

Petitioner reported regularly to immigration authorities under an order of supervision, and petitioner did not violate the terms of the order of supervision. Pet. ¶ 24; Tolchin Decl. Exs. F, M.

On January 26, 2025, Petitioner was arrested by immigration authorities at his home and has since been detained at the Adelanto immigration detention center. Pet. ¶ 25; Response at 1; Tolchin Decl. Exs. A, M. On January 31, 2025, five days after Petitioner's arrest, travel documents for China were issued. Response at 1. On February 6, 2025, Petitioner submitted a motion to the BIA to reopen his immigration proceedings. Id.; Pet. ¶ 26; Tolchin Decl. Ex. D. On April 16, 2025, this motion was denied. Response at 1; Pet. ¶ 27; Tolchin Decl. Ex. D. On April 21, 2025, Petitioner sought a petition for review before the Ninth Circuit. Id. Petitioner received a stay of removal during the pendency of the petition for review, which currently remains pending. Id. On June 23, 2025, the government filed an opposition to the motion to stay removal. Response at 1 (citing Liu v. Bondi, Appeal No. 25-2550, Dkt. No. 11 (9th Cir.)).

On August 21, 2025, Petitioner was denied bond by an immigration judge as a danger to others and flight risk. Pet. ¶ 28. Petitioner did not appeal to the Board of Immigration Appeals because, according to Petitioner, any such appeal is futile. Id.

On January 6, 2026, the 2016 marijuana convictions that were the basis for Petitioner's order of removal were vacated as legally invalid under California Penal Code § 1473.7. App. at 9; Tolchin Decl. Ex. L.

Petitioner has spent a total of 27 months in immigration detention. Pet. ¶ 35. Petitioner experiences pain and is under medical treatment for a lumbar spine fracture as a result of a car accident. Pet. ¶ 36; Tolchin Decl. Exs. K, M. When not detained, Petitioner provides care to his mother, who is 69 years old and is diagnosed with hypertension, hyperlipidemia, diabetes, cataract, dye eye syndrome, and colon polyp. Pet. ¶ 37; Tolchin Decl. Ex. J.

## III.    LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-00325-CAS-DTB | Date | January 30, 2026 |
|---|---|---|---|
| Title | Jin Liu v. Noem Kristi et al | | |

irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

**IV.    DISCUSSION**

The Court finds that Petitioner's *ex parte* request for relief is appropriate because Petitioner's allegation of unlawful detention constitutes irreparable injury. See Mission Power, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

Respondents do not oppose Petitioner's application, stating, "Although valid travel documents have been issued, under the circumstances of the pending appeal, Respondents do not have an opposition argument to present at this time." Response at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-00325-CAS-DTB | Date | January 30, 2026 |
|---|---|---|---|
| Title | Jin Liu v. Noem Kristi et al | | |

Accordingly, based on the record as applied to the applicable law, the Court **GRANTS** Petitioner's application for a temporary restraining order.

Petitioner is likely to succeed on the merits of his argument that his detention is unlawful because, given the Ninth Circuit's stay of removal during the pendency of his petition for review, "there is no significant likelihood of [Petitioner's] removal in the reasonably foreseeable future." Zadvydas v. Davis, 533 U.S. 678, 701 (2001).  8 U.S.C. § 1231 directs the Attorney General to remove a noncitizen pursuant to an order of removal and authorizes detention during the removal period.  8 U.S.C. § 1231(a). However, if "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Zadvydas, 533 U.S. at 699.  Therefore, Petitioner's continued detention beyond the authorized removal period is unlawful.

Petitioner is also likely to succeed on the merits of his argument that revocation of the order of his supervised release absent changed circumstances violates DHS regulations and due process.  App. at 12-13.  The government has promulgated regulations concerning the release of noncitizens who are subject to a final removal order. See 8 C.F.R. § 241.4; 8 C.F.R. § 241.13.  These regulations authorize the revocation of release on account of violation of the conditions of release or changed circumstances where there is a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future.  See 8 C.F.R. § 241.4(l); 8 C.F.R. § 241.13(i); ICE may revoke that release upon a violation of conditions of release or if "changed circumstances" have led to a determination "that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(1), (2); see also Kong v. United States, 62 F.4th 608, 619-20 (1st Cir. 2023) ("ICE's decision to re-detain a noncitizen ... who has been granted supervised release is governed by ICE's own regulation requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future.").  These regulations also require that "upon revocation of release," the noncitizen "be notified of the reasons for revocation of his or her release," and be afforded "an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(1); 8 C.F.R. § 241.13(i)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL    'O'

| Case No. | 5:26-cv-00325-CAS-DTB | | Date | January 30, 2026 |
|---|---|---|---|---|
| Title | Jin Liu v. Noem Kristi et al | | | |

An agency's failure to follow its own regulations that protect the interests of a party before the agency may be a due process violation. Sameena Inc. v. U.S. Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998). "Numerous district courts, including courts in the Ninth Circuit, 'have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.'" Constantinovici v. Bondi, No. 3:25-CV-02405-RBM-AHG, 2025 WL 2898985, at *6 (S.D. Cal. Oct. 10, 2025) (quoting Rokhfirooz v. Larose, Case No.: 25-cv-2053-RSH-VET, 2025 WL 2646165, at *4 (S.D. Cal. Sept. 15, 2025)) (collecting cases). Respondents do not oppose Petitioner's application and thus concede that Petitioner has a right to notice and the opportunity to be heard upon re-detention, consistent with the applicable regulations. See Response at 1. Petitioner claims that he did not violate his 2019 Order of Supervision, and Respondents do not provide evidence that they complied with the applicable regulations in revoking his release. Id. Thus, Petitioner has met his burden in establishing the first Winter factor for each of his claims relating to the lawfulness of his detention.[2]

Petitioner has demonstrated that he will suffer irreparable harm in the absence of an injunction. See Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023) ("It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury. If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation."). Here, the Court finds that Petitioner "establishe[s] a likelihood of irreparable harm by virtue of the fact that [he is] likely to be unconstitutionally detained for an indeterminate period of time." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). Furthermore, the Court finds that Petitioner is likely to suffer irreparable harm if re-detained without due process. The Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention," including "subpar medical and psychiatric care in ICE detention facilities, the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained." Hernandez, 872 F.3d at 995.

---

[2] The Court declines to consider Petitioner's challenge to the immigration judge's denial of bond on August 21, 2025, because deciding the issue would not affect the relief granted to Petitioner by this Order. App. at 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-00325-CAS-DTB | Date | January 30, 2026 |
|---|---|---|---|
| Title | Jin Liu v. Noem Kristi et al | | |

Accordingly, Petitioner has met his burden in establishing the second <u>Winter</u> factor for his claims.

The last two <u>Winter</u> factors "merge when the Government is the opposing party." <u>Nken v. Holder</u>, 556 U.S. 418, 435 (2009).  The Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges his detention as unlawful and unconstitional.  <u>See</u> <u>Valle del Sol Inc. v. Whiting</u>, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted).  "Here, the government 'cannot reasonably assert that it is harmed in any legally cognizable sense' by being compelled to follow the law including its own regulations." <u>Oganes Teroganesyan v. Kristi Noem et al.</u>, No. EDCV 26-00124-MWF (MAA), 2026 WL 246014, at *3 (C.D. Cal. Jan. 26, 2026) (quoting <u>Zepeda v. I.N.S.</u>, 753 F.2d 719, 727 (9th Cir. 1983).).  Moreover, Respondents do not do not present any countervailing considerations.  Accordingly, Petitioner has met his burden in establishing the third and fourth <u>Winter</u> factors.

The Court exercises its discretion and waives the bond requirement under Rule 65(c) because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO.  <u>See</u> <u>Jorgensen v. Cassiday</u>, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Petitioner's request for a temporary restraining order.  It is hereby **ORDERED** that:

1. Respondents shall release Petitioner from custody as soon as reasonably practicable, and not re-detain him without compliance with 8 C.F.R. § 241.4, 8 C.F.R. § 241.13, and 8 U.S.C. § 1231;

2. Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this matter;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 5:26-cv-00325-CAS-DTB | Date | January 30, 2026 |
|---|---|---|---|
| Title | Jin Liu v. Noem Kristi et al | | |

3. Petitioner shall not relocate outside of the Central District of California pending final resolution of this matter, without permission of the Court;

4. Respondents shall show cause, in writing, as to why the Court should not issue a preliminary injunction:

    a. Respondents' brief is due on or before Friday, February 6, 2026. Petitioner may file a response brief on or before Tuesday, February 10, 2026.

    b. The parties may stipulate to a different briefing schedule via joint stipulation filed on or before Thursday, February 5, 2026. Should the parties wish to extend either briefing deadline past Friday, February 13, 2026, the parties should also stipulate that this temporary restraining order may remain in effect (without converting to a preliminary injunction) through this Court's decision on the preliminary injunction.

    c. The parties' briefing on the preliminary injunction should address whether the granting of this TRO renders the preliminary injunction request, and the habeas petition itself, moot.

    d. Petitioner may file a response no later than two (2) days after respondents' filing.

5. The parties shall meet and confer and file a joint status report regarding the Respondents' compliance with this Order by Wednesday, February 4, 2026.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |