UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-00325-CAS-DTB | Date | February 5, 2026 |
|---|---|---|---|
| Title | Jin Liu v. Noem Kristi et al | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                   Not Present

**Proceedings:**      (IN CHAMBERS) – ORDER DISMISSING PETITION [DKT. 1] AS MOOT

## I.   INTRODUCTION

On January 26, 2026, Jin Liu ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief against Kristi Noem, Todd Lyons, Pam Bondi, Jaime Rios, and Fereti Semaia (collectively, "Respondents") in their official capacities.[1] Dkt. 1 ("Pet."). Petitioner requests that the Court order Petitioner's immediate release from custody and restoration to the terms of his original supervision. Pet. at 10-11. The same day, Petitioner filed the instant *ex parte* application for a temporary restraining order ("TRO") that Petitioner be released immediately from detention under the terms of his 2019 Order of Supervision. Dkt. 5 ("App.").

On January 30, 2026, the Court granted Petitioner's application for a TRO, and ordered Respondents to "release Petitioner from custody as soon as reasonably practicable, and not re-detain him without compliance with 8 CF.R. § 241.4, 8 CF.R. §241.13, and 8 US.C. § 1231." Dkt. 10 ("Order") at 7.

---

[1] Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"); Todd Lyons is the Acting Director of Immigration and Customs Enforcement ("ICE"); Pam Bondi is the Attorney General of the United States; Jaime Rios is the Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division ("ERO"); Fereti Semaia is the warden of the Adelanto ICE Processing Center. Pet. ¶¶ 12-16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                'O'

| Case No. | 5:26-cv-00325-CAS-DTB | Date | February 5, 2026 |
|---|---|---|---|
| Title | Jin Liu v. Noem Kristi et al | | |

On February 4, 2026, the parties filed a joint status report regarding compliance with the Order.  Dkt. 11.  Petitioner was released from the detention facility on January 31, 2026.  Id. at 1.

Petitioner states that he has withdrawn his motion for preliminary injunction because there is no threat of immediate harm.  Id. at 4.  However, Petitioner argues that the case is not moot because he remains in custody for habeas purposes by being subject to ankle monitoring, which was not a condition of his 2019 Order of Supervision.  Id.  Petitioner also argues that he is subject to re-detention absent a final judgment from this Court.  Id.

Respondents argue that the case is moot because Petitioner has been released from detention in compliance with the Order.  Id. at 2.

Having carefully considered the parties' submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Petitioner Jin Liu is a native of China who is forty years old and has lived in the United States since 2002.  Pet. ¶ 17; Tolchin Decl. Ex. M.  On December 21, 2018, the Ninth Circuit Court of Appeals denied Petitioner a stay of removal pending his petition for review of his removal order, and thus, the order of removal became subject to execution.  Pet. ¶¶ 22-23.  Petitioner was released pursuant to an Order of Supervision on March 21, 2019, after ninety days of detention, because he could not be removed to China.  Id.; Tolchin Decl. Ex. F.

On January 26, 2025, Petitioner was arrested by immigration authorities at his home and was detained at the Adelanto immigration detention center.  Pet. ¶ 25; Response at 1; Tolchin Decl. Exs. A, M.  On January 31, 2025, five days after Petitioner's arrest, travel documents for China were issued.  Response at 1.

On February 6, 2025, Petitioner submitted a motion to the Board of Immigration Appeals ("BIA") to reopen his immigration proceedings.  Id.; Pet. ¶ 26; Tolchin Decl. Ex. D.  On April 16, 2025, this motion was denied.  Response at 1; Pet. ¶ 27; Tolchin Decl. Ex. D.  On April 21, 2025, Petitioner sought a petition for review before the Ninth Circuit.  Id.  Petitioner received a stay of removal during the pendency of the petition for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    **'O'**

| Case No. | 5:26-cv-00325-CAS-DTB | Date | February 5, 2026 |
|----------|------------------------|------|------------------|
| Title | Jin Liu v. Noem Kristi et al | | |

review, which currently remains pending. Id. On June 23, 2025, the government filed an opposition to the motion to stay removal. Response at 1 (citing Liu v. Bondi, Appeal No. 25-2550, Dkt. No. 11 (9th Cir.)).

On August 21, 2025, Petitioner was denied bond by an immigration judge as a danger to others and flight risk. Pet. ¶ 28. Petitioner did not appeal to the Board of Immigration Appeals because, according to Petitioner, any such appeal is futile. Id.

On January 31, 2026, Petitioner was released from detention pursuant to the Court's Order. Dkt. 11 at 1. Petitioner remains under an order of supervision, and is now subject to ankle monitoring, a condition that was not in his 2019 Order of Supervision. Id.

## III.   DISCUSSION

Petitioner asserts four claims for relief in his habeas petition: (1) the unreasonable length of his detention violates due process; (2) his re-detention without the procedural safeguards of 8 C.F.R. § 241.13(i)(2) violates due process; (3) his re-detention without the procedural safeguards of 8 C.F.R. § 241.4(l) violates due process; and (4) his detention absent a showing that he is a danger to the community or a flight risk violates due process. Pet. ¶¶ 39-70.

The Court finds that Petitioner's release from detention moots each of these claims. See United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987) ("A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries."). The fact that Petitioner is subject to conditions on his release does not alter the conclusion that the due process claims in the Petition are remedied by his release from detention.

Petitioner was subject to conditions on his release by his 2019 Order of Supervision prior to re-detention in January 2025. Petitioner did not claim that a modification of his release conditions is unlawful.[2] See generally Pet. Instead, each of Petitioner's claims challenge his detention and the revocation of his release. Id.

---

[2] The government possesses statutory authority to prescribe Petitioner's supervision regulations pursuant to 8 U.S.C. § 1231(a)(3). See also 8 CFR § 241.5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00325-CAS-DTB | Date | February 5, 2026 |
| Title | Jin Liu v. Noem Kristi et al | | |

Therefore, the Court's Order did not consider—and the Court cannot presently consider absent an amended or new petition—Petitioner's argument that ankle monitoring violates Petitioner's right to due process.  See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it.  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").[3]

The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988).  Further, courts have an obligation to consider mootness *sua sponte* and should deny requested relief where it is superfluous.  In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).  Given that Petitioner's release from detention resolves each of the claims in the petition, the Court dismisses the petition as moot.

Accordingly, the petition, dkt. 1, is **DISMISSED** without prejudice.  The Court will not enter final judgment in this case until at least ten (10) days after this order is issued to allow Petitioner the opportunity to file an amended petition.[4]

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[3] Until such a claim is raised, the Court need not resolve the questions of whether ankle monitoring amounts to "custody" for the purpose of jurisdiction to grant a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or whether the imposition of such a condition of release pursuant to statutory and regulatory authority constitutes a due process violation.
[4] The Court does not require Petitioner to file an amended petition.  Nor should the Court's allowance of an opportunity to file an amended petition be construed as a determination that there is merit to a potential claim.